**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Agustin RODRIGUEZ, aka Dog,
Defendant–Appellant.**

No. 07–50097.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2008.*

Filed Dec. 10, 2008.

Mark A. Young, Esq., Michael J. Raphael, Esq., USLA–Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Gregory H. Mitts, Esq., Bakersfield, CA, for Defendant–Appellant.

Before: BRUNETTI, SILVERMAN and BEA, Circuit Judges.

MEMORANDUM **

Vineland Boys Street Gang ("VBS") member Agustin Rodriguez appeals his sentence following his guilty plea. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1] We review the "reasonableness" of a defendant's sentence "in light of all the 18 U.S.C. § 3553(a) factors, including the applicable Guidelines range." *United States v. Cantrell,* 433 F.3d 1269, 1280 (9th Cir.2006). " '[R]ea-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The parties are familiar with the facts. We discuss them only as necessary to our decision.

sonableness' review merely asks whether the trial court abused its discretion." *Rita v. United States,* 551 U.S. 338, 127 S.Ct. 2456, 2465, 168 L.Ed.2d 203 (2007).

Rodriguez pleaded guilty to being a member of a racketeering conspiracy in violation of 18 U.S.C. § 1962(d), and conspiring to possess with the intent to distribute several controlled substances, including at least five kilograms of cocaine, in violation of 21 U.S.C. § 846.

After a sentencing hearing, the district court sentenced Rodriguez to 192 months imprisonment, plus five years of supervised release, a sentence which is *70 months below* the Guidelines range of 262 to 327 months applicable to his crimes. This sentence included an agreed-upon two-level reduction for a mitigating role, and an enhancement for Rodriguez's prior offenses, none of which Rodriguez contests.

Rodriguez's prior offenses include felony convictions for: (1) assault with a deadly weapon resulting in great bodily injury; (2) discharge of a firearm [into a crowd], with gross negligence; and (3) assault with a deadly weapon. Due to these convictions, Rodriguez qualified as a career offender. U.S.S.G. § 4B1.1. In addition to these offenses, Rodriguez also had prior felony convictions for possession of cocaine for sale,[2] battery, and being a felon in possession of a firearm.

At sentencing, the trial judge discussed how he calculated the sentencing range under the now-advisory Guidelines, and Rodriguez concurred with the district court's calculation. The district court specifically went through each of the Section 3553(a) factors. Rodriguez admitted he had been a member of the VBS gang for at least 18 years, and two of his prior convictions were gang related. He requested the district court sentence him to somewhere between 120 and 227 months. His sentence of 192 months is within this range.

Rodriguez points to three broad categories he says the judge failed to consider: (1) his background; (2) his adjustment to custody; and (3) the alleged overstatement of his criminal history. The trial judge clearly stated on the record that he had considered each of these factors in making his decision:

> The Court has considered the background of this defendant, and obviously he does have the support of his family, and he obviously does have the ability to earn a living as a concrete worker. However, other than those two factors which—which are considerable, he doesn't have much else in his favor.

> I do acknowledge that he has—not idly wasted his time while he's been incarcerated, and I have seen the two certificates of completion that he provided the Court this morning. However, the defendant has a—an unquestionably, a horrible criminal record which has resulted in his classification as a career offender.

As to Rodriguez's background, the judge allowed defense counsel to present several letters from his family, and he listened to counsel's argument that Rodriguez had a consistent employment history, several family members in the area, and he was involved with his children. The trial judge indicated on the record that he had considered all these facts in making his determination.

---

**2.** The prior felony conviction for possession of cocaine for sale was originally charged and would have led to a mandatory minimum sentence of 20 years, but the government agreed not to seek this enhancement as part of the plea bargain.

As to his adjustment to custody, Rodriguez provides no reasoned argument as to what evidence he claims the sentencing judge failed to consider. As the above quotation shows, the judge clearly took Rodriguez' behavior in prison into account.

As to his criminal history, Rodriguez admitted to the judge that he had been involved with the VBS gang for at least 18 years, and he had two prior felony convictions for violent crimes committed in furtherance of the gang's activities. Rodriguez specifically agreed with the judge's calculation of his sentence under the Guidelines, including the fact that he was a career offender, thus waiving this argument on appeal. 21 U.S.C. § 851(c)(2). Rodriguez does not deny any of his prior convictions and, again, makes no reasoned argument as to how his criminal history was overstated.

**AFFIRMED.**

---

[*] The Honorable John M. Roll, United States District Judge for the District of Arizona, sitting by designation.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.